## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **No. 3:21-CR-159-N** |
| | § | |
| **SHAUN MARQUS ROBINSON,** | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSION, AND RECOMMENDATION
### ON MOTION FOR COMPETENCY EXAMINATION

Before the court is Defendant Shaun Marqus Robinson's Unopposed Motion for Psychiatric and/or Psychological Examination ["Motion," Dkt. No. 24], filed on February 27, 2022, and subsequently referred by United States District Judge David C. Godbey pursuant to 28 U.S.C. § 636(b). The unopposed motion requests a determination of Robinson's competency pursuant to 18 U.S.C. § 4241. The motion should be granted.

A hearing to determine competency is held on the motion of a party or *sua sponte* by the court if there is "reasonable cause to believe the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *see United States v. Porter*, 907 F.3d 374, 380 (5th Cir. 2018). Prior to the date of any hearing to determine competency, the court may order that a psychiatric or psychological examination of the defendant be conducted and that a report be filed with the court, pursuant to 18 U.S.C. § 4247(b) and (c). *See* 18 U.S.C.

§ 4241(b). The provisions in § 4247(b) state that the court may, for purposes of an examination, commit the person to be examined to the custody of the Attorney General for placement in a suitable facility. Section § 4247(c) provides the list of opinions that shall be included in the examiner's competency report and that the report shall be filed with the court, with copies provided to counsel for both parties. Competency examinations are considered "non-defense" services and are paid for by the Department of Justice. *See* Admin. Office of the U.S. Courts, *Guide to Judiciary Policy,* Vol. 7A, § 320.20.60; *see also United States v. Williams,* 998 F.2d 258, 263 (5th Cir. 1993) (stating that competency experts are expected to be neutral and detached and report their findings to the court).

Robinson's unopposed Motion asserts that, after conversing with his counsel regarding the charges and possible sentencing in this case, Robinson appears to have extreme difficulty understanding the charges and conceptualizing the application of the sentencing guidelines. Robinson's counsel believes a competency examination is needed to determine whether he suffers from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Motion also states that the defendant desires to use Dr. Kristi Compton to conduct the requested examination and that the Government is unopposed to Dr. Compton's appointment. Defendant Robinson is currently in federal custody. *See* Dkt. No. 12.

The undersigned finds that there is reasonable cause to believe the defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent.

### Recommendation

The court should grant the Motion to determine Robinson's competency [Dkt. No. 24] and order Robinson to submit to a competency examination.

The court should designate Dr. Kristi L. Compton, Ph.D., to conduct the competency examination and prepare a report that complies with the requirements in 18 U.S.C. § 4247(c). The report should be filed with the court, with copies provided to counsel for Robinson and counsel for the Government. *See* § 4247(c).

The court should order that the Department of Justice is responsible for paying Dr. Compton's fees and expenses.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 7, 2022.

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE